```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT
```

In re: ALLEN JOHN BARTLETT,      :
       DAWN MARIE BARTLETT,      :
              Debtors            :
                                 :
_____  :
                                 :
UNITED STATES OF AMERICA         :    Civil No. 1:06CV257
              Plaintiff          :
                                 :
         v.                      :
                                 :
ALLEN JOHN BARTLETT and          :
DAWN MARIE BARTLETT,             :
              Defendants         :
_____  :

                RULING ON MOTION FOR LEAVE TO APPEAL
                            (Paper 15)

In this adversary proceeding, the parties submitted to the Bankruptcy Court cross motions for partial summary judgment on one count of an adversary complaint. In Count II, the United States of America (the "government") sought a declaration that the Bartletts' home was not "property of the bankruptcy estate" because the Bartletts lacked any interest in the property as of the date they filed their bankruptcy petition.

According to the Bankruptcy Court, "[t]he question presented is whether the Bartletts had any interest in their residential real property (the "Property") as of the date they filed their bankruptcy petition, and hence whether the Property was of their bankruptcy estate." Mem. of Dec. (Paper 1-7) at 2. Upon consideration of the parties' recitation of undisputed facts, the

1

Bankruptcy Court found the Bartletts "had an interest in the subject property when they filed their bankruptcy petition, and that under the principle of *res judicata*, the United States, acting through the Rural Housing Service ("RHS") herein, is estopped from challenging the Defendants' interest in the Property."  Bankruptcy Court Order (Paper 1-8).

The government seeks permission to pursue an interlocutory appeal of the Bankruptcy Court's decision.  For the reasons set forth below, the government's Motion for Leave to Appeal is DENIED.

The facts underlying this adversary action are undisputed and set forth in detail in the Bankruptcy Court's Memorandum of Decision at 3-5; familiarity with these facts is presumed.  The salient facts are as follows:

The plaintiff is the United States of America, acting on behalf of the RHS.  The defendants, Allen John Bartlett and Dawn Marie Bartlett, are married and reside at 1512 Fowler Road, Whitingham, Vermont ("the Property").

On or about August 3, 1984, the Bartletts executed in favor of the government a $49,5000 promissory note and mortgage deed, secured by the Property.  On or about March 4, 2002, the Bartletts executed in favor of Champion Mortgage, a division of Key Bank, USA National Association (hereinafter "Champion"), a

$14,000 promissory note and second mortgage deed secured by the Property.

On or about July 19, 2003, Champion filed a complaint against the Bartletts for strict foreclosure of its second mortgage in Windham Superior Court.  The Superior Court entered its judgment of foreclosure against the Bartletts on October 10, 2003.  The foreclosure decree set the final redemption date as April 12, 2004.  The Certificate of Non-redemption was issued on April 20, 2004.

On March 30, 2004, the government filed a Complaint for Foreclosure by Power of Sale in the United States District Court for the District of Vermont (the "federal foreclosure action").  In the federal foreclosure action, the government obtained a default judgment against the Bartletts and Champion and, on July 23, 2004, a Judgment Order, Decree of Foreclosure, and Order for Judicial Sale was entered.  Neither the Bartletts nor Champion took any action by the final redemption date of January 25, 2005, and a Certificate of Non-redemption was entered on January 26, 2005.

The Bartletts filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 21, 2005.  As of that date, the judicial sale authorized in the federal foreclosure action had not occurred.  As a result, in this adversary

proceeding, the issue is whether the Bartletts had any remaining legal or equitable interest in the Property.

Motions for permission to appeal interlocutory orders entered by the Bankruptcy Court are assessed using the factors set forth in 28 U.S.C. § 1292(b).  See, e.g., In re Kelton Motors, Inc., 127 B.R. 548, 550 (D. Vt. 1991).  "Section 1292(b) permits interlocutory appeals where three requirements are satisfied: (i) a controlling question of law is involved, (ii) the question is one as to which there is substantial ground for difference of opinion, and (iii) an immediate appeal may materially advance the ultimate termination of the litigation."  Id.

This appeal fails to meet all three of these requirements. When the Bankruptcy Court determined the Bartletts retained a legal or equitable interest in the Property after Champion's action for strict foreclosure, its conclusion was fact specific. Resolution of the issue required the Bankruptcy Court to consider the complicated interplay between federal bankruptcy law and Vermont strict foreclosure law, and the peculiar facts of this case.  This matter, therefore, does not solely involve a "controlling question of law."

Moreover, a question of law is "controlling" where reversal of the Bankruptcy Court's order would terminate or materially resolve the action.  See Klinghoffer v. SNC Achille Lauro, 921

4

F.2d 21, 24 (2d Cir. 1990). Here, a decision on the status of the Property will not necessarily resolve this matter. <u>See</u> Wright, Miller & Cooper, 16 Federal Practice and Procedure: Jurisdiction 2d § 3930, at 422.

As the parties indicated during oral argument on this motion, issues remain relating to the legal and practical import of several prior court rulings. Likewise, issues remain concerning the effect of a confirmed Chapter 13 plan, an issue which should, in the first instance, be decided by the Bankruptcy Court. Lastly, despite the government's contention that the Bartletts presently have no interest in their home, they are currently making payments to the government. For this reason, an interlocutory ruling will not resolve the Bartletts' remaining equitable or fraud claims.

The Motion for Leave to Appeal (Paper 15) is DENIED. This matter is REMANDED to the Bankruptcy Court for further proceedings.

Furthermore, the parties are strongly advised to schedule and participate in ENE upon remand to the Bankruptcy Court.

SO ORDERED.

Dated at Brattleboro, Vermont, this 2nd day of April, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge